UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In the matter of: | ) | Case No.: 1:10 MC 34 |
| | ) | |
| TRANS-INDUSTRIES, INC. *et al.,* | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
|     Debtors | ) | |
| | ) | |
| DAVID W. ALLARD, *etc.* | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| DALE S. COENEN, *et al.,* | ) | |
| | ) | |
|     Defendants | ) | <u>ORDER</u> |

Pending before the court is the Motion to Quash filed by Interested Party, Calfee, Halter & Griswold, LLP ("Calfee"). (ECF No. 1.) Calfee seeks to quash the subpoena *duces tecum* issued on May 13, 2010, to it, a non-party, compelling them to produce communications between Calfee and Trans-Industries, Inc. ("TI"), and any invoices or bills Calfee submitted to TI, for services relating to the Trans-Industries, Inc. Employees' 401(k) Profit Sharing Plan and Trust. The court held a telephonic discussion with counsel for the parties regarding this matter on October 19, 2010. For the following reasons, Calfee's Motion is granted.

## A. PRIVILEGED DOCUMENTS

### 1. Attorney-Client Privilege

Attorney-client privilege protects "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *Fisher v. United States*, 425 U.S. 391, 403 (1976). The purpose of the attorney-client privilege "is to ensure free and open communications between a client and his attorney." *In re Grand Jury Subpoenas*, 454 F.3d 511, 519-20 (6th Cir. 2006) (citing *Fisher*, 425 U.S. at 403 ("The purpose of the privilege is to encourage clients to make full disclosure to their attorneys."); *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888) ("The rule which places the seal of secrecy upon communications between client and attorney is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure."). The privilege is limited to "only those communications necessary to obtain legal advice" and only applies "where necessary to achieve its purpose." *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002) (citing *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir.1986); *Fisher*, 425 U.S. at 403)).

The party asserting the privilege bears the burden of proving its existence. *Id.* (citing *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999); *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir.1983)). Claims of attorney-client privilege must be "narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit." *Id.* (quoting *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997)).

### 2. Subpoena Seeks Privileged Documents

David Allard, Bankruptcy Trustee ("Trustee") for TI served Calfee with a subpoena *duces tecum* commanding Calfee to:

> 1. Produce any and all communications (written, electronic, or otherwise) between Calfee, Halter & Griswold LLP ("Calfee") and Trans-Industries, Inc, ("TI"), including but not limited to communications with any directors, officers, and employees of TI, relating in any way to the Trans-Industries, Inc. Employees' 401(k) Profit Sharing Plan and Trust, during the period of January 1, 2004 through April 3, 3006.
>
> 2. Any invoices or bills that Calfee submitted to TI for services relating in any way to the Trans-Industries, Inc. Employees' 401(k) Profit Sharing Plan and Trust, during the period of January 1, 2005 through April 3, 2006.

(Motion to Quash at 4, ECF No. 1.) Calfee argues that it should not be required to comply with Plaintiff-Trustee's subpoena because it would require it to disclose privileged documents. (*Id.* at 9; *see* Fed. R. Civ. P. 45(c)(3)(A)(iii).) Calfee maintains that to the extent it represented officers, directors, and employees of TI, it did so in their individual capacity, and those parties hold an attorney-client privilege that Calfee cannot waive. (*Id.*) As there have been no waivers of this privilege to Calfee's knowledge, Calfee argues that the subpoena is defective on its face and must be quashed under Rule 45(C)(3)(b) of the Federal Rules of Civil Procedure. (*Id.*)

In response, Plaintiff-Trustee asserts that the information is not privileged for two reasons. The first is that when the corporation is the client, the existing management holds the privilege on behalf of the corporation, and therefore former managers cannot assert the privilege on behalf of the corporation. (Plaintiff-Trustee's Resp. to Mot. to Quash Subpoena at 7-8, ECF No. 2.) The second reason is that at the time Calfee was advising officers, directors, or employees of TI, separate from the company, the officers, directors, or employees of TI were exercising discretion over the Profit

Sharing Plan or its assets. (*Id.* at 8.) Thus, under the fiduciary exception, there is no privilege regarding these communications. (*Id.*)

Calfee has shown through its brief and conference call with the court that it does not seek to assert a privilege on behalf of TI, but only in regard to such communications as it had with officials or directors who it represented individually, including Harry Figgie ("Figgie"). Figgie, who had a one-third interest of the company's outstanding stock and was an outside director, is now deceased. The court finds Calfee's representations to the court in this regard to be credible. Therefore, Plaintiff-Trustee's argument regarding who may assert the privilege of the corporation is inapposite. The court also finds Plaintiff-Trustee's second argument not well-taken. Plaintiff relies on a line of cases where courts have found communications between an attorney and an ERISA trustee not to be privileged when the advice concerns plan administration. *See, e.g., United States v. Mett*, 178 F.3d 1058, 1064 (9th Cir. 1999); *In Re Long Island Lighting Co.*, 129 F.3d 268, 272 (2d. Cir. 1997); *Shields v. UNUM Provident Corp.*, No. 2:05-CV-744, 2007 WL 764298 (S.D. Ohio Mar. 9, 2007.) However, these cases refer to an exception to the attorney-client privilege for the ERISA *trustee*. Plaintiff-Trustee named the ERISA trustees, Dale Coenen ("Coenen") and Kai Kasonke ("Kasonke"), in his complaint in the Michigan Litigation. (Reply in Support of Mot. to Quash at 6, ECF No. 3.) As these are the only ERISA trustees, the fiduciary exception cannot apply to any other officers, directors, or employees that may have received advice from Calfee on the plan administration. Those communications involving the trustees, Coenen and Kasonke, which are subject to the fiduciary duty exception, have been according to the parties, provided to the Plaintiff-Trustee in discovery. In the telephone conference held on October 19, 2010, Calfee stated that it had already produced communications involving Coenen and Kasonke

to TI, and they should therefore be in Plaintiff-Trustee's possession. During the same telephone conference, and in Plaintiff-Trustee's Response to the Motion to Quash, Plaintiff's counsel stated that based on a deposition they had recently taken of Robert Anderson, they were primarily looking for communications from Figgie. Since Figgie is not an ERISA trustee, the fiduciary exception does not apply to him. As a consequence, his communications with Calfee remain privileged. The same is true for any other officers, directors, or employees that were not ERISA trustees.

Even if Figgie, or other officers, directors, or employees of TI were considered or identified as ERISA trustees, the fiduciary exception would still not apply because ERISA trustees do not act as fiduciaries when they amend or terminate the plan. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 ( 1999). Plaintiff-Trustee's reply indicates that the information he seeks is in relation to "brainstorming" efforts by Figgie and others on how the plan could be fixed. (Plaintiff-Trustee's Resp. to Mot. to Quash Subpoena at 2, 7-8.) It would appear these communications are regarding amending or terminating the plan, and the fiduciary exception is therefore inapplicable.

Additionally, Plaintiff-Trustee has not made any claims regarding any sort of subject matter waiver to the attorney client privilege based on the "brainstorming" meetings held, and no information is available on the record to deny the Motion on this basis. Since allowing for discoverable material in the course of the lawsuit and the upholding of the attorney-client privilege must be carefully balanced, the court does not find that Plaintiff-Trustee has shown any applicable exception or waiver to the communications, and as a result, the subpoena must be quashed. This is also true of the request for bills or invoices. As Plaintiff-Trustee has indicated through the pleadings and through the telephone conference the type of information sought and why, it appears to the court that this information is an additional or alternative way to learn the substance of the

-5-

communications. As explained above, such communications are privileged. Based on this reasoning, the request for bills or invoices must also be denied.

The Motion to Quash is hereby granted in its entirety.

### B. OTHER GROUNDS FOR RELIEF

Since the requests made by Plaintiff-Trustee are for privileged information, and no exception or waiver applies, allowing the Motion to Quash to be granted in its entirety, the court need not address the additional grounds asserted by Calfee for relief.

### C. CONCLUSION

For the foregoing reasons, Calfee's Motion to Quash is granted. (ECF No. 1.)

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 9, 2010