UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In the matter of: | ) | Case No.: 1:10 MC 34 |
| | ) | |
| TRANS-INDUSTRIES, INC., *et al.,* | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| DAVID W. ALLARD, *etc.*, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| DALE S. COENEN, *et al.,* | ) | |
| | ) | |
| Defendants | ) | ORDER |

Pending before the court is the Motion to Alter/Amend Judgment Upon Reconsideration (ECF No. 5) filed by Plaintiff, David W. Allard ("Plaintiff" or "Trustee"). Interested Party, Calfee, Halter & Griswold, LLP ("Calfee"), filed a Motion to Quash the subpoena *duces tecum* issued to it, a non-party, on May 13, 2010, compelling it to:

> 1. Produce any and all communications (written, electronic, or otherwise) between Calfee, Halter & Griswold LLP ("Calfee") and Trans-Industries, Inc, ("TI"), including but not limited to communications with any directors, officers, and employees of TI, relating in any way to the Trans-Industries, Inc. Employees' 401(k) Profit Sharing Plan and Trust, during the period of January 1, 2004 through April 3, 3006.

(Motion to Quash at 4, ECF No. 1.) Trustee also requested the following in the second category

of the subpoena: "[a]ny invoices or bills that Calfee submitted to TI for services relating in any way to the Trans-Industries, Inc. Employees' 401(k) Profit Sharing Plan and Trust, during the period of January 1, 2005 through April 3, 2006." (*Id*.) Plaintiff initiated the instant case when he filed an ERISA Complaint against Defendants in the Bankruptcy Court for the Eastern District of Michigan, alleging they had breached numerous fiduciary duties owed to the Plan and its participants. On December 9, 2010, the court granted Calfee's Motion in its entirety. On January 6, 2011, Plaintiff filed the instant Motion to Alter or Amend Judgment Upon Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## I. STANDARD FOR ALTERING OR AMENDING JUDGMENT

Rule 59(e) motions may be granted in the following instances: (1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Although the court has authority to do so, a court will only reconsider its prior ruling in rare and unusual circumstances. As the court stated, in *Dana Corp. v. United States,* 764 F. Supp. 482, 489 (N.D. Ohio 1991):

> Although 'motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal,' they are 'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.' *In re August,* 1993 Regular Grand Jury, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994). To be sure, 'a court can always take a second look at a prior decision; but 'it need not and should not do so in the vast majority of instances,' especially where such motions 'merely restyle or re-hash the initial issues.' *Id.* at 1407. It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' *Id.* at 1408. Where, as is the case with

> much of the instant motion, 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'

*McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996). Motions to reconsider are "not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for an appeal." *Sherwood v. Royal Ins. Co. of America*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003).

## II. LAW AND ANALYSIS

### A. Motion to Quash

The court previously granted Calfee's Motion to Quash in its entirety based on the attorney-client privilege asserted by Calfee. Prior to its ruling, the court held a telephone conference on October 19, 2010, to try to gain an understanding of what was really at issue, as the Plaintiff had issued a very broad subpoena. Based on this telephone conference, the court understood the communications between Calfee and Figgie to be paramount. The parties seemed to indicate the matters at issue related primarily, if not totally, to the attorney-client relationship between Calfee and Figgie. Based on these representations, the court held that "to the extent it [Calfee] represented officers, directors, and employees of TI, it did so in their individual capacity, and those parties hold an attorney-client privilege that Calfee cannot waive." (Order at 3, ECF No. 4.) The court further held that the exceptions to the privilege, claimed by Plaintiff, that the corporation held the privilege, and the fiduciary exception, were not applicable. Calfee acknowledged that it was not seeking to assert a privilege on behalf of TI, and indicated that all of its communications with or on behalf of TI should be in the possession of the hands of the Trustee, who was appointed as such in the TI bankruptcy matter. The fiduciary exception applies to communications between an attorney and an

-3-

ERISA trustee when the advice concerns plan administration, which courts have recognized as non-privileged. This exception does not apply to matters of plan amendment or termination. It was the court's understanding, based on the parties' representations in their filings and the telephone conference, that, in the face of a liquidating crisis by the plan, Figgie and others were working to find a way to pay out the distribution requests by two participants which would allow the plan to continue to have adequate resources for the other plan participants. The court concluded in this context, that Figgie was not a fiduciary, and even if he was, the attorney-client communications were not subject to the exception, as the communications were concerning fixing the plan, and thus had to pertain to plan amendment or termination. The court therefore found all of the documents requested by the Plaintiff to be privileged, and granted the Motion to Quash in its entirety.

**B. Instant Motion**

Plaintiff maintains herein that the court erred in granting the Motion to Quash in its entirety.

1. Third Party Communications

Plaintiff contends the court erred by granting the Motion to Quash the subpoena in its entirety because certain communications which he sought were not privileged since they were in the presence of third parties. They were communications made during the "brainstorming" sessions and other times when third parties were present during conversations between Calfee and Figgie. Further, the court did not understanding Calfee to contest the fact that its communications with TI were not privileged. Indeed, Calfee indicated that it provided to Trustee, or Trustee had in its possession, communications between TI and Calfee. Any of the above-mentioned communications are clearly not covered by the Calfee and Figgie attorney-client relationship. Thus, the court will amend its Order, and clarify that it did not intend to quash the subpoena in regard to these

communications to the extent that Trustee does not have these documents or they have not been provided. Calfee has attached to its Opposition, the documents produced by Trustee in the Michigan Litigation in an effort to show that the Trustee has the documents he requests. (*See* Opp. to Mot. at 6, ECF No.8; Ex. A) Documents Produced by the Bankruptcy Trustee, ECF No. 8-1.) To the extent that the Trustee does not have documents, Calfee must turn them over.

Calfee did not serve as counsel for that director, officer or employee. For example, Trustee states that Richard Solon, Trustee, only retained Calfee in late 2008 or early 2009, after the relevant time period of materials requested in the subpoena. (Mot. To Alter or Amend J. At 5, 12, ECF No. 14.) Trustee had requested that Calfee:

> 1. Produce any and all communications (written, electronic, or otherwise) between Calfee, Halter & Griswold LLP ("Calfee") and Trans-Industries, Inc, ("TI"), including but not limited to communications with any directors, officers, and employees of TI, relating in any way to the Trans-Industries, Inc. Employees' 401(k) Profit Sharing Plan and Trust, during the period of January 1, 2004 through April 3, 2006.

(Motion to Quash at 4, ECF No. 1.) Trustee also requested the following in the second category of the subpoena: "[a]ny invoices or bills that Calfee submitted to TI for services relating in any way to the Trans-Industries, Inc. Employees' 401(k) Profit Sharing Plan and Trust, during the period of January 1, 2005 through April 3, 2006." (*Id*.) The court clarifies that to the extent that the bills and invoices of Calfee rendered Trustee were submitted to TI for services sought, those would not be privileged. If such bills involved payment for communications between any directors, officers, or employees of TI and Calfee that were communicated to or in front of third parties, they would also not be privileged.

### 2. Existence of Attorney-Client Relationship

It was the court's understanding that Trustee never sought to contest the existence of an attorney-client relationship between Figgie and Calfee. Indeed, even in regard to this Motion, he has not offered any evidence to challenge this finding. Trustee provides a letter in the related case, case no. 1:10-mc-101, that demonstrates Calfee represented Figgie. (*See* Ex.8, ECF No. 5-9.) This letter indicates Trustee was aware of an attorney-client relationship between Calfee and Figgie. Additionally, in its Response to the Motion to Quash, Trustee did not appear to seriously question the existence of an attorney-client relationship. Instead, he primarily relied on the argument that he was entitled to the documents because of two exceptions to the attorney-client privilege. Therefore, the court concludes, as previously, that there existed an attorney-client relationship between Figgie and Calfee. The extent of that relationship and what communications are covered by the attorney-client privilege are addressed below. For example, there is an issue raised by the Trustee whether the representation was for or on behalf of the Plan and whether the purpose was to give legal or business advice.

### 3. Proof of Attorney-Client Privilege

Trustee argues that the court erred in finding that any documents requested by it regarding communications between Calfee and any directors, officers, and employees of TI, relating in any way to the Trans-Industries Profit Sharing Plan from January 1, 2004 through April 3, 3006, were privileged without Calfee meeting its burden as the proponent of the privilege. Plaintiff contends that Calfee merely asserted the privilege, without providing any support for its claim.

A claim that information is privileged is insufficient to meet the burden. *See Vita-Mix Corp. v. Basic Holdings, Inc.*, No. 1:06 CV 2622, 2007 WL 2344750, at *3 (N.D. Ohio Aug. 15, 2007). Numerous courts have found that the "party invoking the privilege must 'produc[e] evidence

-6-

sufficient to show the existence of a relationship giving rise to the privilege. The burden is not satisfied by mere conclusive or *ipsa dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the privilege.'" *Lewis v. U.S.*, No. 02-2958B, 2005 WL 1926655 (W.D.Tenn. June 20, 2005); *see also SPX Corp. v. Bartec USA, LLC*, 247 F.R.D. 516, 527 (E.D.Mich. 2008) (stating Rule 26(b)(5) of FRCP require a party withholding information on the basis of privilege to provide sufficient information to enable evaluation of that claim); *U.S. v. Davis*, 131 F.R.D. 391, 402 (S.D.N.Y. 1990) (stating that party claiming privilege had to show by affidavit or other competent evidence sufficient facts to bring the disputed documents within the confines of the privilege).

The court acknowledges that it did not require Calfee to meet this standard in its entirety because it was the court's understanding from the telephone conference with counsel that the parties' disagreement was not over the nature of the documents, but whether, given the nature of the documents, they met certain exceptions to the attorney-client privilege doctrine. The court accepts Trustee's argument that the parties had not reached such an understanding regarding the nature of its claim, and that the Trustee was not conceding any aspect of its argument in relation to its subpoena *duces tecum*. Upon review, the court finds that Calfee failed to meet its burden as the proponent of the privilege, and in accordance with Rule 45(d)(2)(A) of the Federal Rules of Civil Procedure, must submit a privilege log supporting its claim, in respect to any particular document in its possession regarding communications Calfee maintains it had with any directors, officers, or employees of TI subject to the privilege. *See Mingua v. Palisades Collection LLC*, No. 1:06 CV 886, 2007 WL 1068167, at *1 (S.D. Ohio Mar. 29, 2007); *S.E.C. v. Knoxville, LLC,* 895 F. Supp. 192, 193 (E.D.Tenn. 1995). Without more, Trustee is unable to recognize or challenge the

application of the privilege. Calfee must also turn over any documents not subject to the privilege.

### 4. ERISA Fiduciary Exception

The court was premature in deciding that the ERISA fiduciary exception applied since it is an issue to be decided subsequent to whether a privilege exists, and a privilege log is needed to determine this. If Calfee meets its burden of showing specific documents are subject to privilege, Trustee has the obligation to show an exception exists. *See In re JP Morgan Cash Balance Litigation, No. 06-Civ-0732, 2007 WL 1280623, at \*1 (S.D.N.Y. May 21, 2007)* ("[T]here is general agreement that the burden of proving the preliminary facts of exceptions to the privilege is on the opponent of the privilege claim.") (internal citations omitted). Once a determination has been made regarding whether the attorney-client privilege applies, the Trustee would have an opportunity to show an exception exists. The court, therefore, vacates its ruling on this issue.

### III. CONCLUSION

For the foregoing reasons, the court's previous Order granting the Motion to Quash in its entirety must be amended. Therefore, Plaintiff's Motion to Alter/Amend Judgment Upon Reconsideration (ECF No. 5) is granted by amending the previous Order of the court. The court requires Calfee to produce a privilege log within 21 days of the court's order, regarding any communications with officers, directors and employees of TI that Calfee represented in their individual capacity concerning Profit Sharing Plan matters during the period of January 1, 2004 through April 3, 2006. Calfee must turn over any communications between it and parties that it did not represent during this time, which the Trustee does not possess or has not been turned over. Calfee indicates that these documents are within Trustee's possession. To the extent they have not been turned over to Trustee, they must be. This includes, but is not limited to, communications

between Calfee and Dale Koenen, Kai Kosanke, and Richard Solon.  If, following the examination of the privilege log, Trustee still asserts he is entitled to documents, the court will make a determination anew to see if he is entitled to them.  The court may review the documents *in camera* at that time.  Any non-privileged documents must be turned over within 10 days of the court's Order.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 28, 2011